## B. K. Elliott Co. *v.* United States

No. 7931.—

Entry No. 446.

(Decided January 12, 1951)

*Jerome G. Clifford* for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Richard H. Welsh* and *Chauncey E. Wilowski,* special attorneys), for the defendant.

Johnson, Judge: This appeal for a reappraisement involves the proper value of certain tracing cloth. The merchandise was invoiced at various prices per piece of 24 yards, less 2½ per centum and 1 per centum trade discounts, plus packing. It was entered at the same prices per piece of 24 yards, less 2½ per centum discount, plus packing. The appraiser advanced the value by applying the same prices to a piece of 20 yards rather than 24 yards, less 2½ per centum discount, plus cases.

At the trial the secretary of the plaintiff testified that the particular shipment in question was received in 24-yard lengths and that the price at which entry was made had prevailed for a period of a year; that importations had been received in standard lengths of 24 yards for a period of 30 years; that the value was advanced by the appraiser on the assumption that the pieces were in 20-yard lengths rather than the actual length of 24 yards. The witness admitted having received a price list in the form of a letter from the shipper stating that the price of tracing cloth had advanced, beginning with all orders after January 19, 1948; that the price list dated January 7, 1948, had been

received approximately a week later, which would have been before the goods in question had been shipped from abroad. A copy of the price list in question was admitted in evidence as exhibit 1. It is noted therein that the same prices prevailed as shown by the invoice, except that each piece contained 20 yards rather than 24 yards.

The examiner of the merchandise testified that he had obtained the price list from the files of the company and had used it as the basis for determining his return of appraised value.

From the evidence adduced at the trial it is clear to me that the presumption of correctness of the appraiser's action has not been overcome. The fact that the importer had been paying the same prices for over a year and that it had been receiving this particular kind of merchandise in 24-yard lengths for 30 years is insufficient to establish the value of the tracing cloth at the time of exportation to the United States.

For the reason that the presumption of correctness attaching by law to the finding of the appraiser has not been overcome, I find the proper value of the tracing cloth in question to be represented by the appraised value. Judgment will be rendered accordingly.