(A. R. D. 37)

B. K. ELLIOTT CO. *v.* UNITED STATES

Entry No. 446.

First Division, Appellate Term

(Decided January 21, 1954)

*Jerome G. Clifford* for the appellant.

*Warren E. Burger*, Assistant Attorney General (*Chauncey E. Wilowski* and *Daniel I. Auster*, special attorneys), for the appellee.

Before OLIVER, MOLLISON, and FORD, Judges

MOLLISON, Judge: This is an application for the review of the decision rendered by Johnson, J., sitting in reappraisement, reported in 26 Cust. Ct. 489, Reap. Dec. 7931, and involving the value for appraisement purposes of certain tracing cloths imported from England. An earlier phase of the matter, involving the question of the jurisdiction of this division to hear argument and to determine the matter, was reported in 29 Cust. Ct. 548, A. R. D. 7.

The facts are not in dispute, and, briefly stated, are as follows: The involved merchandise was in pieces 24 yards in length, and pieces of that length had been supplied by the exporter at the invoiced and entered unit prices for a period of a year prior to the shipment of the cloths in issue. The instant merchandise was exported from England on or about January 24, 1948, and it appears that under date of January 7, 1948, the exporter advised the ultimate consignee by letter (defendant's exhibit 1) that from January 19, 1948, such cloths would be supplied in rolls of 20 yards instead of 24 yards as theretofore, and that, effective January 19, 1948, the prices of such cloths in 20-yard lengths would be charged on the basis of a new price list included in the said letter.

A comparison of the invoiced unit prices and the unit prices shown in the price list makes it appear that, so far as the types of cloths here involved were concerned, the new prices for the 20-yard lengths equalled the old prices for the 24-yard lengths. The invoice for the present cloths is dated January 15, 1948, and there seems to be no question but that the importer paid for the merchandise on the basis of the invoiced prices, which, as has been indicated, were at the unit prices in effect prior to January 19, 1948. Appraisement was made on the basis of the prices shown in the price list per unit of 20 yards, resulting in an advance of approximately 20 per centum.

The trial court held that the presumption of correctness attaching to the finding of the appraiser had not been overcome by the evidence offered. In this application for review, the appellant contends that the evidence offered by it established that the price for 24-yard length pieces was continuous and unchanged for a period of at least a year up to and including the time of the instant shipment, and that it had thereby established a *prima facie* case in favor of the entered values. It is contended that the evidence offered by the defendant as to prices for 20-yard length pieces was not applicable to shipments, such as the instant shipment, in 24-yard length pieces.

We are of the opinion that the court below reached the correct conclusion. We do not think that the evidence offered by the plaintiff went so far as to establish that, at the time of exportation of the instant merchandise, 24-yard length pieces of tracing cloths such as those here involved were freely offered for sale in the foreign market at the entered unit prices. The most that can be said of it is that it established that there had been a practice on the part of the seller of some 30 years' standing of offering his cloths in 24-yard pieces and that the prices at which the instant shipment were entered "had been prevailing" for a period of about a year. Such evidence does not clearly establish the price at which such merchandise was offered at the time of exportation, and it requires an assumption that the prevailing price continued to be in effect at the time of exportation of the instant shipment in order to complete a *prima facie* case for the plaintiff.

Even if that assumption be made—which we do not think is warranted under the meager evidence offered by the plaintiff below—we are of the opinion that defendant, by its evidence, successfully met the burden of going forward with the evidence and controverting the *prima facie* showing if made by the plaintiff. It was established by defendant's exhibit 1, a letter and price list sent by the exporter to the importer, that the practice of offering such merchandise in 24-yard lengths would be discontinued as of January 19, 1948, some 5 days prior to exportation of the instant merchandise.

Further, it was indicated in the letter that in order to secure the yardage previously represented by orders for 24-yard rolls, future

orders should be increased by one-fifth. Finally, it was announced that a new schedule of prices for the pieces in 20-yard lengths would be charged for all goods invoiced on and after January 19, 1948.

This evidence leads to the conclusion either (1) that at the time of exportation of the instant merchandise 24-yard length pieces were not freely offered for sale in the foreign market, or (2) that the unit values of the tracing cloths had been changed to the amounts returned by the appraiser.

In either case, we are satisfied that the plaintiff has failed to establish values for the merchandise other than those returned by the appraiser.

We therefore find as facts:

(1)   That the merchandise consists of cotton tracing cloths exported from England on January 24, 1948.

(2)   That the price, at the time of exportation, at which such or similar merchandise was freely offered for sale for home consumption or for exportation to the United States in the principal markets of England, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the appraised value as to each item.

We conclude as matters of law:

(I)   That the foreign value, as defined in section 402 (c), as amended, of the Tariff Act of 1930, and the export value, as defined in section 402 (d) of the said act, of each item here involved were the same.

(II)   That such foreign and export values as so defined were the proper bases for the determination of the value of the items of merchandise here involved.

(III)   That such value as to each item was the appraised value.

The decision and judgment of the court below is therefore affirmed, and judgment will issue accordingly.